UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiffs,                               Case No. 3:18-cr-58

vs.

LEONITA NORTH,                          Magistrate Judge Michael J. Newman

    Defendant.

---

### ORDER AND ENTRY DENYING DEFENDANT'S
### MOTION FOR EXPUNGEMENT (DOC. 32)

---

This criminal case is before the Court on Defendant Leonita North's *pro se* motion for expungement.[1] Doc. 32. For the reasons set forth herein, Defendant's motion is **DENIED**.

Defendant was charged by an information setting forth two misdemeanor criminal counts: (1) possession of marijuana in violation of 21 U.S.C. § 844; and (2) use of, or possession of with an intent to use, drug paraphernalia in violation of 18 U.S.C. §§ 7, 13 and Ohio Rev. Code § 2925.141. Doc. 1. Defendant initially appeared before the Court on June 13, 2018, at which time, after an Assistant Federal Public Defender was appointed to represent her, Defendant was arraigned and released on an own recognizance bond. Doc. 7.

Defendant appeared before the Court again approximately two months later for a change of plea hearing on August 15, 2018, at which time she entered a guilty plea to Count 1 of the information (Count 2 was then dismissed). Doc. 14. At the conclusion of that hearing, the

---

[1] Defendant -- who was represented by an Assistant Federal Public Defender, but not proceeds *pro se* -- submitted her request for expungement in a letter addressed and sent to the undersigned. Doc. 32. The Court placed Defendant's letter on the docket and liberally construes such letter as a formal motion seeking relief.

undersigned referred the matter for a presentence investigation and report, and again released Defendant on the same bond. Doc. 14.

While awaiting sentencing, Defendant was charged with violating her bond and summonsed to appear before the Court. Doc. 22. On December 19, 2018, Defendant admitted to the bond violation and, after hearing argument from counsel, the undersigned sentenced Defendant to two-years of probation on Count 1 of the information. Doc. 25. A judgment entry issued on January 4, 2019. Doc. 26.

On March 22, 2019, Defendant was again summonsed to appear before the Court for allegedly violating her probation. Doc. 29. Defendant appeared with counsel for a probation violation hearing on April 3, 2019, at which time she admitted to four violations of her probation. *See* Minute Entry (Apr. 4, 2019). Thereafter, the Court revoked Defendant's probation and sentenced her to three-days in jail. Doc. 31. Defendant did not file an appeal.

Now, not even six months after her probation was revoked by the Court, Defendant requests that the Court expunge her record in this case. Doc. 32. Defendant explains that she: "never used marijuana until [she] found out [she] had Crohn's Disease"; used marijuana with respect to the offenses at issue in this criminal matter only because she did not like the side effects of her prescribed medication; had never been in trouble before this criminal action; has not used marijuana since her incarceration in this matter; is at risk of losing her federal housing voucher for her and her two children as a result of her criminal conviction; may be hindered in her efforts to re-enroll in nursing school as a result of her conviction. Doc. 32.

In seeking expungement, Defendant cites no statutory authority upon which this Court has jurisdiction to consider her request. *Id*. The Court, having conducted independent research in this regard, finds no statutory authority applicable to the circumstances presented here. While authority

exists for courts to enter expungement orders under certain limited circumstances in cases involving prejudgment probation, *see* 18 U.S.C. § 3607(c), this was not a prejudgment probation case. Even if it were, Defendant admittedly violated her probation; her probation was revoked; and she was -- less than six months ago -- sentenced to a term of incarceration as a result of her admitted probation violation. *See* doc. 31.

While "federal courts may assert ancillary jurisdiction to expunge criminal records" in the absence of "statutorily-grounded permission to expunge," such ancillary jurisdiction does not extend to "motions for expungement that are grounded on purely equitable considerations -- *e.g.*, motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities." *United States v. Field*, 756 F.3d 911, 915 (6th Cir. 2014). Even assuming, *arguendo*, that the Court possessed jurisdiction to consider, in its discretion, whether to grant an expungement, the undersigned -- although empathetic and sympathetic to Defendant's circumstances -- finds no exceptional circumstances present to expunge Defendant's conviction. This is so in light of the repeated bond and probation violations noted above, as well as the fact that not even six months have elapsed since the Court was required to revoke Defendant's probation and sentence her to a term of incarceration.

Accordingly, based on the foregoing, Defendant's motion (doc. 32) is **DENIED**.

    **IT IS SO ORDERED.**


Date:  September 23, 2019           s/ Michael J. Newman  
                                                                        Michael J. Newman  
                                                                        United States Magistrate Judge